UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM NIBLE,<br><br>                           Plaintiff,<br>v.<br>FINK, et al.,<br>                           Defendant. | Case No.: 16cv2849-BAS (PCL)<br><br>**REPORT AND RECOMMENDTION GRANTING DEFENDANT'S MOTION TO DISMISS**<br>**[Doc. 2]** |

## I. INTRODUCTION

Plaintiff William Nible ("Plaintiff"), a state prisoner, has filed a civil rights complaint alleging both federal and state law claims arising from his incarceration at the Richard J. Donovan Correctional Facility in San Diego. (Doc. 1.) Presently before this Court is Defendant's Motion to Dismiss the Complaint. (Doc. 2.)

The Honorable Cynthia Bashant has referred the matter to the undersigned Judge for Report and Recommendation pursuant to 29 U.S.C. § 63(b)(1)(B) and Local Civil Rule 72.1(c)(1)(d). After a thorough review of the pleadings and supporting documents, this Court recommends the Motion to Dismiss be **GRANTED**.

## II. FACTUAL ALLEGATIONS

This statement of facts is based entirely upon the allegations in Plaintiff's Complaint. (Doc. 1.)

Plaintiff is an inmate currently housed at the Sierra Conservation Center. (Doc. 1 at 5.) Plaintiff alleges that on July 13, 2015, while incarcerated at R.J. Donovan Correctional Facility, Plaintiff purchased approved religious artifacts, runes, which were confiscated by prison guard Defendant Fink. (Doc. 1 at 10-11.) Plaintiff contends that Defendant Fink told Plaintiff he was only allowed to possess five stones and that they must be made of either tile, wood, or plastic. (Doc. 1 at 11.) According to the Complaint, Plaintiff's rune purchase was within the matrix of allowable property and Defendant Fink unreasonably told Plaintiff that his runes were not permitted. (*Id.*)

Piecing together the allegations scattered throughout the Complaint, one or more of the Defendants improperly returned some, but not all of the runes to the vendor. (Doc. 1 at 11-13, 24.) Plaintiff alleges that under fear of retaliation, he surrendered his runes to Defendant Fink, who then misappropriated state funds to return the runes to the vendor by a method other than that prescribed by law. (*Id.* at 12-13.) The Compliant is silent as to how the runes' return ran afoul of the law.

While the Complaint does not include any prison grievance documentation or specific reference to Plaintiff's administrative remedies, causes of action 5 through 14 allude to various defendants denying Plaintiff "his right to petition for redress of a grievance" on August 18, 2015, September 12, 2015, November 5, 2015, February 2, 2016, and April 6, 2016. (Doc. 1 at 17-25.)

Plaintiff sued in San Diego County Superior Court on August 3, 2016 and Defendants removed the case to federal court on November 21, 2016.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a Plaintiff's claims. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because Rule 12 focuses on the sufficiency of a claim rather than the claim's substantive merits, "a court may [ordinarily] look only at the face of the complaint to decide a motion to dismiss." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

A motion to dismiss should be granted if a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In order to overcome a motion to dismiss request, a complaint must contain sufficient factual matter such that it states a claim to relief that is plausible on its face. *Id.* at 548. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahil v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The court is not required to accept legal conclusions in the form of factual allegations if the conclusions detailed cannot be reasonably drawn from the facts put forth. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 755 (9th Cir. 1994); see also *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on motion to dismiss, court is "not bound to accept as true a legal conclusion couched as a factual allegation." "[T]he pleading standard Rule 8 does not require 'detailed factual allegations.' But it demands more than an unadorned, the defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 55).

Well-pleaded factual allegations give rise to a court's assumption of their accuracy, allowing the court to then determine whether they can plausibly allow for an entitlement to relief. *Id.* at 679. The plausibility standard does not correspond to the probability requirement, but requires more than a "sheer possibility that a defendant has acted unlawfully." *Id.* at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

Ultimately, in order for a complaint to withstand a motion to dismiss, the non-conclusory factual content, and inferences drawn from that content, must make a plausible claim entitling the plaintiff to relief plausible. *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

# IV. DISCUSSION

A. Cause of Action #1

1. Failure to State § 1983 Claim Against Defendant Fink

Plaintiff's first cause of action alleges that Defendant Fink's refusal to allow Plaintiff his religious artifacts violates Plaintiff's federal rights under § 1983. (Doc. 1 at 10.) Defendants argue that despite the less stringent pleading standards for pro se litigants, Plaintiff's claim lacks essential elements, and that adequate and meaningful post-deprivation remedies for Plaintiff's losses are available. (Doc. 2-1 at 3.)

Prisoners have a protected interest in their personal property under the Due Process Clause. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). An authorized, intentional deprivation of property is actionable under the Due Process Clause. *See Hudson v. Palmer*, 468 U.S. 517, 532 n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36 (1982)). Neither negligent nor unauthorized intentional deprivations of property give rise to a violation of the Due Process Clause if the state provides an adequate post-deprivation remedy. *Hudson*, 468 U.S. at 533 n.14. "In other words, only an authorized intentional deprivation of property is actionable under the Due Process Clause. Authorized deprivations of property are permissible if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest." *Haraszewski v. Knipp*, No. 2:13-cv-2494 DB P, 2016 WL 6766750, at *3 (E.D. Cal. Nov. 14, 2016).

Plaintiff vaguely alleges that Defendant Fink illegally "refused to allow Plaintiff his religious artifacts." (Doc. 1 at 10.) "Plaintiff's allegations of wrongful, retaliatory confiscation of his personal property does not support a claim. Unauthorized, bad-faith behavior does not support a federal due process claim" if a meaningful postdeprivation remedy is available for the loss. *Chick v. Lacey*, No. 1:11-cv-01447-GBC (PC), 2012 WL 3912796, at *5 (E.D. Cal. Sept. 7, 2012) (citing *Hudson*, 468 U.S. at 533); *Hudson*, 468 U.S. at 533. The Ninth Circuit has held that "California Law provides an adequate post-deprivation remedy for any property deprivations." *Barnett v. Centoni*, 31 F.3d 813, 816-

17 (9th Cir. 1994); *see also* Cal. Gov't Code §§ 810-895. "It is immaterial whether or not Plaintiff succeeds in redressing his loss through the available state remedies; it is the existence of these alternate remedies that bars him from pursuing a § 1983 procedural due process claim." *Hutchison v. Marshall*, No. CV 09-04540-ABC (VBK), 2011 WL 862118, at *9 (C.D. Cal. Feb. 3, 2011) (citing *Willoughby v. Luster*, 717 F. Supp. 1439, 1443 (D. Nev. 1989)).

Accordingly, the Court **RECOMMENDS** that Defendants' motion to dismiss Plaintiff's first cause of action under § 1983 be **GRANTED**.

### 2. Failure to State State-Law Claim Against Defendant Fink

Plaintiff claims that Defendant Fink violated "California Penal Code § 422.6; Government Code § 1222; … California Department of Corrections operations Manual § 33030.9 subsections B, C, D, F, M, O, and T; … [and] California Code of Regulations § 3137(a)." (Doc. 1 at 10.) Defendant argues that Plaintiff's assertions fail to state a recognized legal claim and that there are no private right of actions afforded to enforce the relevant sections of California law Plaintiff cites. (Doc. 2-1 at 4.)

The Supreme Court "has rarely implied a private right of action under a criminal statute, and where it has done so 'there was at least a statutory basis for inferring that a civil cause of some sort lay in favor of someone.'" *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979) (quoting *Cort. v. Ash*, 422 U.S. 66, 79 (1975)). Further, "Plaintiff may not seek to impose liability on Defendants for violation of an operational procedure at [a] prison." *Tilei v. Wan*, No. 1:06-CV-00776OWWGSAP, 2008 WL 1924999, at *2 (E.D. Cal. Apr. 29, 2008). Additionally, there is no implied private right of action under the Title 15 regulations governing the conduct of prison employees. (*Id.*)

This Court has found no authority to support Plaintiff's claims under a private right of action with respect to California's Penal Code or other sections cited by Plaintiff. As discussed above, there exists a post-deprivation remedy available to Plaintiff and as such Plaintiff may not seek to create private rights of action where none exist.

Accordingly, the Court **RECOMMENDS** that Defendants' motion to dismiss Plaintiff's first cause of action's state law claims be **GRANTED**.

B. Causes of Action #2 and #3

Plaintiff's second and third causes of action allege that Defendant Fink committed fraud under state law by misstating or misunderstanding the prison rules regarding possession of personal property and the rules regarding returning prisoner property to a vendor. (Doc. 1 at 11-14.) Defendant argues that as the fraud claims have not been plead with particularity, they must be dismissed. (Doc. 2-1 at 5-6.)

Fraud actions are subject to strict pleading requirements. *Comm. On Children's Television, Inc. v. Gen. Foods Corp.*, 35 Cal. 3d 197, 216, (1983). As such, every element of a fraud cause of action must be properly alleged and "the policy of liberal construction of the pleadings… will not ordinarily be invoked to sustain a pleading defective in any material respect." *Id.* In California, the elements that must be alleged both factually and specifically are (1) misrepresentation of a material fact, (2) knowledge of falsity or lack of reasonable ground for belief in the truth of the representation, (3) intent to induce reliance, (4) actual and justifiable reliance, and (5) resulting damage. Matthew Bender, *California Torts* § 40.02 (2016).

Here, Plaintiff's form complaint does not sufficiently state a fraud cause of action. The crux of Plaintiff's fraud claims is that Defendant Fink defrauded Plaintiff when Fink told Plaintiff the runes were not approved and then further defrauded Plaintiff when Fink returned the runes to the vendor. Both of these causes of action are missing key elements. Most notably, Plaintiff's second cause of action states Defendant Fink demonstrated intention to defraud Plaintiff when Fink entered into an employment contract with the state without "intention of compliance with mandated duties." (Doc. 1 at 12.) Additionally, Plaintiff's second cause of action lacks any statement to support knowledge of falsity and his third cause of action fails to plead both intent and reliance. Plaintiff cursorily asserts that while his runes were of the proper size, material, and number, Defendant Fink mistakenly and incorrectly applied the matrix of allowable religious materials. This may

indicate a mistake or a miscommunication regarding the matrix, but as Plaintiff has presented the facts, they do not rise to well-pleaded fraud causes of action.

Accordingly, the Court **RECOMMENDS** Defendants' motion to dismiss the second and third cause of action be **GRANTED**.

C. Causes of Action #4-12

Plaintiff alleges that Defendants Diaz, Self, Sosa, and Olivarra illegally appropriated funds, made false or misleading statements, refused and failed to perform duties, aided and abetted a hate crime, and denied Plaintiff his right to petition for redress of a grievance. (Doc. 1 at 15-23.) Defendants argue that as Plaintiff has alleged no specific facts or personal participation by each of these Defendants, and as there is no liability for participating in the appeals process, the causes of action against these Defendants must be dismissed. (Doc. 2-1 at 6-7.)

Liability under § 1983 arises only upon a showing of personal participation by the defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Within the context of § 1983, a person subjects another to the deprivation of a constitutional right only "if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Preschooler II v. Clark Cty. Sch. Bd. Of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). The requisite deprivation must arise from an affirmative act, participation in another's affirmative acts, or the failure to perform an act that is legally required. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, 556 U.S. at 676 (2009) Sweeping conclusory allegations are insufficient to establish liability. *Leer*, 844 F.2d at 633.

Whether Defendants refused to process Plaintiff's grievances, lost them, denied them, or required a specific procedure to exhaust them, is an insufficient basis on which to state a claim. See e.g., *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that

a prisoner has no constitutional right to an effective grievance or appeal procedure). Ruling against a prisoner on an administrative appeal does not play a role in contributing to the underlying violation. *Baker v. Doe*, No. 16-00140 JMS/RLP, 2016 U.S. Dist. LEXIS 53846, at *13 (D. Haw. Apr. 13, 2016). A person must have participated in or caused a civil rights violation in order to be held responsible for that violation. *Id.* A violation cannot be contributed to by a ruling against a prisoner on an administrative complaint. *Id.*

Here, Plaintiff's causes of action against these defendants contain no factual basis. Instead, Plaintiff simply asserts that these individuals made false statements, refused or failed to perform duties, aided and abetted a hate crime, and denied Plaintiff his right to a grievance process. What these statements, duties, or hate crime(s) were are not indicated. As each of these causes of action are nearly identical, Plaintiff has alleged no personal or individual participation attributable to Defendants Diaz, Self, Sosa, or Olivarra. Similarly, there are no facts or details that would elucidate the steps Plaintiff took to address his grievance. Further, Plaintiff does not indicate how any of these Defendant's actions were, as he alleges, wilful, wanton, malicious, or oppressive. The entirety of the basis for liability alleged in causes of action 4 through 12 are vague, overbroad, and without any detail that would satisfy pleading requirements, even when construed liberally in Plaintiff's favor.

As a result of the aforementioned reasons, the Court **RECOMMENDS** Defendant's motion to dismiss regarding these claims should be **GRANTED**.

D. Causes of Action #13 and #14

Defendant alleges in cause of action #13 that Defendant Doe #1, a prison staff member, made false and misleading statements, failed to perform a duty, aided and abetted a hate crime, and created a false record. (Doc. 1 at 24.) Further, Defendant's 14th cause of action alleges that Defendant Doe #2, as a "hiring authority, warden, or designee," denied Plaintiff his right to petition for redress of a grievance, made false statements, and aided and abetted a hate crime. (Doc. 1 at 25.) Defendants do not address the allegations against either Doe Defendant, however, as these claims are similar or identical to those against

8

named defendants, similar analysis applies to determine the sufficiency of Plaintiff's claims.

A supervisor is only liable for the constitutional violations of ... subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§] 1983." *Taylor*, 880 F.2d at 1045 (citations omitted); *see also Ashcroft*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.") "For an official to be liable for another actor's depriving a third party of his constitutional rights, that official must have at least the same level of intent as would be required if the official were directly to deprive the third party of his constitutional rights." *Lacey*, 693 F.3d at 916. "[A] plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." *Starr*, 652 F.3d at 1206-07. In such circumstances, the supervisor is liable because of his or her own actions or inactions, not for the actions of his or her subordinate. *See id.*

As to Doe #1, Plaintiff once again fails to provide a factual basis of any kind. Plaintiff does not identify the false statements, duty, or hate crime. Plaintiff indicates that Doe #1 told Plaintiff that the runes could be assessed for propriety, but Plaintiff then indicates that the runes had been "lost, stolen, or destroyed." Plaintiff does not indicate that Doe #1 lost, stole, or destroyed the runes and also does not indicate to what extent Doe #1 participated in Plaintiff's grievance process.

Plaintiff's allegation against Doe #2 is that as a hiring authority, Doe #2 failed to process Plaintiff's grievance properly as a staff complaint. (Doc. 1 at 25.) As indicated above, there is no individual cause of action against a defendant whose involvement in the alleged violation is limited to participation in the appeals process. As such, Plaintiff's claim against Doe #2 fails to establish that this specific defendant contributed to an underlying violation. Additionally, if Plaintiff's concern is that he wished for his grievance to

specifically be treated as a staff complaint, his claim once again fails as a Plaintiff has no right to dictate the process or procedure of a grievance.

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiff's Complaint as to the Doe Defendants be dismissed.

## V. CONCLUSION

For the foregoing reasons, the court recommends that Defendants' motion to dismiss for failure to state a claim be **GRANTED**.

**IT IS ORDERED** that no later than May 23, 2017, any part to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than June 6, 2017. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See *Turner v. Duncan*, 158 F.3d 449,455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: May 9, 2017

Hon. Peter C. Lewis
United States Magistrate Judge