# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM L. NIBLE,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>FINK et al.,<br><br>　　　　　　　　Defendants. | Case No.: 3:16-cv-02849-BAS (PCL)<br><br>**REPORT AND RECOMMENDATION:**<br><br>**GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>**[Dkt. No. 12-1]** |

## I. INTRODUCTION

Plaintiff William Nible ("Plaintiff"), an inmate proceeding *pro se*, has filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendants have committed a number of federal and state law violations against Plaintiff at Richard J. Donovan state prison in San Diego, CA. Defendants T. Fink, T. Diaz, R. Olivarria, B. Self, and V. Sosa, all employees or officers at Richard J. Donovan, moved to partially dismiss Plaintiff's suit on August 28, 2017. Dkt. No. 12-1. Plaintiff filed an opposition response on October 2, 2017. Dkt. No. 14.

The Honorable Cynthia A. Bashant referred the matter to undersigned judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Upon careful consideration of the moving papers, the administrative record, the applicable law, and for the foregoing reasons, the Court **RECOMMENDS** that the District Court **GRANT** Defendant's motion to dismiss.

## II. FACTAUL BACKGROUND

This case arises out of a dispute over a set of religious artifacts — namely, runes — that Plaintiff ordered, but did not receive, while incarcerated at Richard J. Donovan "RJD") state prison.

On July 13, 2015, Plaintiff reported to RJD's "Receiving and Release" in order to accept a religious package from Azure Green, a prison-approved vendor. Compl. ¶ 15. Upon arrival, Officer T. Fink, the prison guard responsible for the distribution of mail and packages that day, opened the package, inspected the contents, and ultimately "refused to allow Plaintiff his religious artifacts (Rune set)." *Id.* ¶¶ 5, 15.

According to Plaintiff, Officer Fink denied him the package because the runes were "made of stone" and Plaintiff was entitled only to have "five stones per the religious property matrix, adopted 12-10-13." *Id.* ¶ 16. Plaintiff responded by pointing out that "stones were larger than runes, and that the package contained Runes not stones." *Id.* Plaintiff added that "Runes were allowed that were made out of 'natural material ie., Bone, Stone, ect.' [sic] per the California Department of Corrections personal property matrix adopted 12-10-13." *Id.* ¶ 17. Thereafter, a "brief confrontational dialog" ensued, which ended with Officer Fink stating "I do not care, you are not getting those Runes." *Id.* Officer Fink then "walked off" and another staff member took the runes, placed them in a package, and told Plaintiff that they would hold onto the Runes until they could speak with Officer T. Diaz, a prison guard supervisor. *Id.* ¶¶ 6, 17.

A few weeks later, Plaintiff filed a grievance "complaining of the deprivation of his religious package." *Id.* ¶ 18. Officers Sosa and Self, both administrators for grievance processing, rejected the petition because Plaintiff had forgotten to include supporting documentation, specifically, form CDCR-22. *Id.* ¶¶ 7-8, 18. Plaintiff asserts, however, that the form was, in fact, attached to his submission. *Id.*

On September 14, 2015, Plaintiff submitted form CDCR-22 directly to Officer Diaz. *Id.* ¶ 19. At that time, Officer Diaz informed Plaintiff that his "order was returned to vendor." *Id.* Yet according to Plaintiff, the vendor did not receive a complete of set of

runes upon being returned. *Id.*

Plaintiff resubmitted form CDCR-22 on September 27, 2015. *Id.* ¶ 20. Attached to the new submission was a "statement from the vendor stating that the returned package did not contain the complete set of Runes." *Id.* In response, Officer Diaz wrote the following:

> The Runes you ordered were not approved due to size and quanity [sic] restrictions. It is not our fault the vendor will not issue a credit for a [sic] opened order. R&R (Receiving and Releases) has to open the package when attempting to issue and verify items are approved. You must order approved items in approved sizes and quantities.

*Id.*

Plaintiff appealed the decision denying him the runes. *Id.* ¶ 21. Officers V. Sosa and B. Self rejected the appeal on November 5, 2015. *Id.* Plaintiff then resubmitted his appeal sometime thereafter. *Id.* ¶ 23. Officers Self and R. Olivarria, another processor of administrative grievances, rejected the appeal. *Id.* According to Plaintiff, the Officers denied the appeal notwithstanding the fact that Plaintiff had "attached proof from the vendor that the Runes were within the size restrictions." *Id.* A few months later, Plaintiff again appealed and Officer Olivarria and Self again denied the appeal. *Id.* ¶ 24. According to Plaintiff, Officers Olivarria and Self stated that the denial had to do with the size of the runes, even though Officer Fink had originally confiscated them because they were "made of stone." *Id.*

On August 4, 2015, a member of Plaintiff's family, who had ordered runes for Plaintiff before and after the instant dispute "without difficulty," filed a complaint with the Department of Corrections. *Id.* An unnamed officer responded to the complaint by stating that "Plaintiff was disallowed the Runes because of the symbols being identified as being associated with a security threat group." *Id.* Yet according to Plaintiff, "[t]he symbols on the runes are more than 8,000 years old, and allowed in 33 male and female prison throughout the State of California's prison system." *Id.*

////

## III. PROCEDURAL BACKGROUND

On August 3, 2016, Plaintiff Nible filed a complaint against Defendants in the Superior Court of California, County of San Diego. Dkt. No. 1 at 1. The complaint alleged fourteen causes of action entitled either "Intentional Tort" (first, fourth through fourteenth) or "Fraud" (second and third). Plaintiff further asserted that Defendants were liable to him because they had violated his First Amended rights, the California Penal Code, the California Department of Corrections regulations, and because they had made malicious false and misleading statements. *See id.* On November 16, 2016, Defendants removed the civil action to U.S. District Court because the causes of action arose under 28 U.S.C. § 1983. 28 U.S.C. § 1331; 28 U.S.C. § 1441(b). *Id.* at 1-2.

All Defendants jointly filed a motion to dismiss the complaint for failure to state a claim on November 29, 2016. Dkt. No. 2-1. In it, Defendants argued that the various federal and state claims alleged in the complaint did not state causes of action under 28 U.S.C. § 1983 or independently under state law. *Id.* Accordingly, Defendants requested that the Court dismiss all fourteen counts of Plaintiff's complaint in their entirety and as to all Defendants. *Id.*

On May 9, 2017, U.S. Magistrate Judge Peter C. Lewis issued a Report and Recommendation granting Defendant's motion to dismiss. Dkt. No. 6. The Magistrate Judge found that Plaintiff had not stated a claim under 28 U.S.C. § 1983 because Plaintiff had failed to plead that Defendants had violated any federal or constitutional right and because Plaintiff had otherwise failed to demonstrate that Defendants Diaz, Self, Sosa, and Olivarria personally participated in any alleged federal violation. *Id.* at 4-5, 7-8. The Magistrate Judge further found that Plaintiff had failed to state any state law claim because there is no private right of action under California's Penal Code or under the other regulations cited by Plaintiff. *Id.* at 5. Finally, the Magistrate Judge concluded that Plaintiff had also not stated any claim for fraud because the complaint lacked any allegations supporting scienter. *Id.* at 6-7.

The Honorable Cynthia A. Bashant adopted the Report and Recommendation in

full on June 9, 2017. Dkt. No. 9. Pursuant to that decision, the Court granted Defendant's motion to dismiss in full and granted Plaintiff leave to amend. *Id.*

Plaintiff filed a first amended complaint ("FAC") on July 13, 2017. The FAC contains thirteen claims. The first through fourth causes of action are lodged against Officer Fink only. The fifth through eighth are directed at Officer Diaz only. The ninth through thirteen claims are directed are Officer Self, Officer Sosa, Officer Olivarria, Doe #1, and Doe # 2, respectively.

The first claim alleges that Officer Fink deprived Plaintiff of his constitutional right to exercise his religion, "thereby creating a substantial burden upon Plaintiff's sincerely held religious beliefs," when he denied Plaintiff the runes set, which is necessary for Odinic practitioners. *Id.* ¶ 26. In so doing, Plaintiff alleges that Officer Fink also violated his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to equal protection and due process. *Id.* Relatedly, the second cause of action adds that Officer Fink's actions also violated his constitutional right "to send and receive mail," and the third cause of action adds that Officer's Fink's course of conduct denied Plaintiff his constitutional right to "pre-deprivation process set-out in California Code of Regulations, title 15." *Id.* ¶¶ 27-28. Through the fourth claim, Plaintiff alleges that Officer Fink violated his "protected liberty interest to possess religious artifacts that Plaintiff's sincerely held religious beliefs dictate as a necessary element to the practice of his faith." *Id.* ¶ 29. The fourth claim also alleges that Officer Fink is "personally liable for the destroyed, stolen, lost runes" because he destroyed, lost, or otherwise tortiously disposed of them. *Id.*

The fifth claim states that Officer Diaz violated Plaintiff's constitutional right to exercise his religious freedoms when he "participated in and failed to correct the deprivation to Plaintiff, whereby Plaintiff was denied the right to receive via FEDEZ-domistic [sic] mail religious artifacts." *Id.* ¶ 30. Plaintiff further alleges that Officer Diaz' conduct violated his First Amendment right to send and receive mail, his Fourteenth Amendment right to equal protection and due process, the Eighth

Amendment, and the Religious Land Use and Incarcerated Persons Act. *Id.* The sixth cause of action, which is almost identical to the fifth, adds that Officer Diaz "denied Plaintiff a set of runes by his direct participation and supervision." *Id.* ¶ 31. The seventh claim, in turn, adds that Officer Diaz also violated Plaintiff's "Constitutional right to a pre-deprivation process set-out in California Code of Regulations, Title 15" when he "returned or facilitated the return of Plaintiff's mail (Runes-set)." *Id.* ¶ 32. The ninth cause of action alleges that Officer Diaz violated Plaintiff's constitutional and "protected liberty interest to possess religious artifacts that Plaintiff's sincerely held religious beliefs dictate as a necessary element to the practice of his faith" when he "facilitated, aided or approved the action leading to the lost, stolen, destruction, or whatever tortious conduct that involved [him.]"

The tenth through thirteenth causes of action assert substantively identical claims against Officers Sosa, Self, Olivarria, Does 1 and 2. Specifically, Plaintiff asserts that the remaining Defendants each violated Plaintiff's constitutional right to "petition for redress of grievance, to send and receive mail, and due process of a pre-deprivation process and remedy" when they "refused or failed to process Plaintiff's grievance in accord with California Code of Regulations, title 15, thereby . . . plac[ing] a substantial burden upon Plaintiff's sincerely held religious beliefs." *Id.* ¶¶ 35-38. Plaintiff further adds that these Defendants violated his First Amendment right to exercise his religious freedom, his Eighth Amendment right to be free from cruel and unusual punishment, and his Fourteenth Amendment right to equal protection and due process. *Id.*

A second motion to dismiss followed Plaintiff's FAC. In it, Defendants state that they only seek to dismiss claims nine through eleven against Officers Sosa, Self, and Olivarria. The motion further argues that those three claims should be dismissed with prejudice and that only the claims against Defendants Fink and Diaz should remain.[1] Dkt. No. 12-1 at 2.

---

[1] Defendants' motion is silent as to the claims against Does 1 & 2.

## IV. LEGAL STANDARD

Every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, prior to filing a responsive pleading, a party may request by motion that the court dismiss an opposing party's complaint because it failed "to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Complaints do "not require 'detailed factual allegations,'" but must contain more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" to survive a motion to dismiss. *Ashcroft*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. If the court can only infer "the mere possibility of misconduct" from the pleaded facts, the complaint falls short of meeting the plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (2009) ("[T]o survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.")

As Plaintiff is an inmate proceeding *pro se*, "his complaint must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal quotations omitted). Courts, therefore, must "construe the pleadings [of *pro se* litigants] liberally." *Id.* Nonetheless, "vague and conclusory allegations of official participation in civil rights violations are not sufficient to state a claim." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Plaintiff must still plead at least "enough facts to state a claim to relief that is plausible on its face." *Hebbe*, 627 F.3d at 342.

////

## V. DISCUSSION

Defendants assert that the claims against Officers Sosa, Self, and Olivarria should be dismissed because Plaintiff does not have "due process rights related to the administrative grievance procedure." Dkt. No. 12-1 at 3. Accordingly, and because all of Plaintiff's claims against these Defendants arise out of their conduct as grievance administrators, Defendants argue that all claims against them should be dismissed. *Id.* Plaintiff, in response, contends that these Defendants should not be dismissed because their conduct "goes far beyond just simply delaying or refusing to process Plaintiff's grievance as Defendants suggest in their motion to dismiss." Dkt. No. 14 at 7 (internal quotations omitted). Plaintiff adds that he should have "no difficulty proving," at trial, "that the prison administrator's conduct was intended to thwart, impede, cause indefinite delays, and ultimately by attrition, cause Plaintiff to surrender his right to due process, petition for redress for grievance, religious freedoms, and all other rights associated with and therefrom." *Id.* Yet for the reasons that follow, the Court concludes that Plaintiff's claims against Officers Sosa, Self, and Olivarria must fail because they do not implicate any constitutional or other federal right and, therefore, are not actionable under 42 U.S.C. § 1983.

An official that "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution" is personally liable for that violation. 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotations omitted). As such, to state a claim under § 1983, a plaintiff must allege facts to show that (1) a person acting "under color state law" committed the conduct at issue and (2) that the conduct deprived the plaintiff of some right, privilege, or immunity protected by the Constitution or laws of the United States. *Shah v. Cty. of Los*

*Angeles*, 797 F.2d 743, 746 (9th Cir. 1986).[2]

The complaint contains very few factual allegations directed at Officers Self, Sosa, and Olivarria. Plaintiff alleges that Self, Sosa, and Olivarria are all administrative claim employees "charged with the task of processing grievances in compliance with California Code of Regulations, Title 15[.]" Compl. ¶¶ 7-9. The Complaint goes on to allege that Officers Sosa and Self rejected his July 30, 2015 grievance for lack of proper documentation and that they rejected his appeal on November 5, 2015 also, at least in part, for lack of proper documentation. *Id.* ¶ 18. In both instances, Plaintiff alleges that Officers Sosa and Self ignored the supporting documentation (*i.e.*, form CDCR-22), despite being properly included in his submission. *Id.* ¶¶ 18, 21. The complaint further alleges that Officers Self and Olivarria rejected a subsequent appeal on February 2, 2016 and another on April 6, 2016. *Id.* ¶¶ 23-24. Plaintiff adds that Officers Olivarria and Self "made false and misleading statement concerning the size of the runes" in the process of rejecting his April 6, 2016 appeal. *Id.* ¶ 24.

Plaintiff alleges that the above-mentioned course of conduct gives rise to a number of constitutional violations, including, violations of Fourteenth Amendment due process and equal protection, the Eighth Amendment right to be free from cruel and unusual punishment, and the First Amendment right to free exercise of religion. Plaintiff is mistaken. The factual allegations lodged against Officers Sosa, Self, and Olivarria do not state any cognizable constitutional violation.

For one, inmates have no procedural due process right in the prison administrative grievance process. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure."). The Fourteenth Amendment due process clause only protects inmates from "a disciplinary action which deprives or restrains a state-created liberty

---

[2] The Court's analysis focuses on the second prong as neither party disputes that Defendants acted under color of state law.

interest in some 'unexpected manner'" or from state action that "imposes some 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Id.* Neither of these standards, however, is implicated by Plaintiff's allegations, here, because "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." *Id.* Accordingly, the handling of Plaintiff's administrative grievances does not give rise to any due process claim. *See McRoy v. Roe*, 509 F. App'x 660, 660 (9th Cir. 2013) (affirming district court's decision to dismiss claims "arising from defendants' processing of and response to his grievances").

In his opposition, Plaintiff recognizes that he has no constitutional right in the prison grievance process. *See* Dkt. No. 14 at 8 ("Plaintiff is however in agreement with the Defendants that he has no freestanding Constitutional right to a grievance process."). This fact notwithstanding, he nonetheless argues that Cal. Code Regs. Tit. 15 § 3210 (establishment of religious programs), § 3137(b) (appeals relating to mail and correspondences), and § 3084.1-7 (right to appeal & appeals process),[3] along with Cal. Pen. Code § 5009 (religious freedom), give rise to a state-created liberty interest that does implicate his constitutional rights. *See id.* ("Plaintiff further contends that the State created a protected liberty interest when it placed upon the Department of Corrections limitations . . . [.]").

Yet what Plaintiff's argument fails to appreciate is that a plaintiff alleging a § 1983 claim must allege the deprivation of a U.S. constitutional right or law, not a state law, like those of California. Accordingly, none of the above-referenced regulations create a cognizable liberty interest actionable for purposes of this suit. *See Swaeney v. Ada Cty., Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997) ("To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress."); *see also*

---

[3] Plaintiff cites to § 3084 ("Definitions") in his opposition. The Court assumes, however, that Plaintiff was referring, generally, to the appeals process as outlined by §§ 3084.1-7, as there is no substantive law included in § 3084.

10

3:16-cv-02849-BAS (PCL)

*Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) ("[S]tate departmental regulations do not establish a federal *constitutional* violation.") (emphasis in original).[4]

Two, the allegations in the complaint are insufficient to give rise to a Fourteenth Amendment equal protection claim or an Eighth Amendment cruel and unusual punishment claim.

"To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff has made no such showing. He does not allege that he is a member of a protected class or that either Officer Self, Sosa, or Olivarria rejected his grievances and appeals because of his membership in that class. Accordingly, Plaintiff has failed to state any claim under the Fourteenth Amendment equal protection clause.

As for the Eighth Amendment, the prohibition against cruel and unusual punishment prohibits prison officials from using excessive physical force against prisoners, and requires them to "provide humane conditions of confinement," which includes access to food, clothing, shelter, and medical care along with prisoner safety. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Any prisoner, therefore, who asserts that a prison official violated his Eighth Amendment rights must demonstrate (1) that the deprivation suffered is objectively, sufficiently serious and (2) that the official has a sufficiently culpable state of mind to implicate the Eighth Amendment's protection against the "unnecessary and wanton infliction of pain." *Id.* at 834. To satisfy the first

---

[4] The Court moreover observes that to the extent that Plaintiff's complaint may be construed as asserting state law claims under the above-referenced statutes, the Court concludes that individual citizens do not have a private cause of action under state criminal statutes or under title 15 of the California Code of Regulations. *See* R&R, Dkt. No. 6 ("there is no implied right of action under the title 15 regulations governing the conduct of prison employees."); *Pellum v. White House*, 2013 WL 1791937, *3 (E.D. Cal. Apr. 26, 2013) ("Claims of violation of state criminal statutes come within the province of state and county prosecutorial authorities, not that of individual citizens.").

prong, a plaintiff must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* at 834. To satisfy the second prong, a plaintiff must show that the official knew of and disregarded an excessive risk to inmate safety. *Id.* at 837. Plaintiff cannot satisfy either of these two elements. The rejection of Plaintiff's grievance did not create any condition that posed any appreciable or properly-pled harm to Plaintiff. Officers Sosa, Self, and Olivarria, therefore, could not have known of or disregarded any risk, let alone an excessive risk, to Plaintiff's safety. Accordingly, the conduct alleged by Plaintiff against Officer Self, Sosa, and Olivarria fails to state an Eighth Amendment claim.[5]

Three, Plaintiff has also failed to demonstrate that Officers Self, Sosa, and Olivarria violated his First Amendment right to freely exercise his religion. "In order to establish a free exercise violation, [a prisoner] must show the defendants burdened the practice of his religion, by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate penological interests." *Freeman v. Arpaio*, 125 F.3d 732, 736 (9th Cir. 1997) (footnote omitted). Plaintiff has not alleged how the failure to receive the runes set burdened the practice of his Odinic faith. He has also failed to allege that the possession of the runes set is mandated by his faith. Accordingly, Plaintiff has not stated a cognizable First Amendment free exercise claim.

Lastly, and even if Plaintiff had stated a cognizable claim under the Fourteenth, Eighth, or First Amendments, the Court further concludes that Officers Self, Sosa, and Olivarria lack the personal participation required to be liable under 42 U.S.C. § 1983. State officials are subject to § 1983 liability only when "they play an affirmative part in the alleged deprivation of constitutional rights." *See King v. Atiyeh*, 814 F.2d 565, 569 (9th Cir. 2011). Here, Plaintiff alleges no more than that Officers Self, Sosa, and

---

[5] The Court further observes that § 1983 claimants are not entitled to compensation for "mental or emotional injuries." 42 U.S.C. § 1997(e).

12

Olivarria rejected his administrative grievance and appeals. Such minimal allegations are not sufficient to establish that these officers were personally involved in any alleged constitutional deprivation arising out of the confiscation of Plaintiff's runes. As such, the Court additionally finds that Plaintiff has failed to state any claim against Defendants Sosa, Self, and Olivarria for this reason as well. *See Davis v. Powell*, 2011 WL 4344251, *7 (S.D. Cal. Aug. 9, 2011) (no Section 1983 liability where only allegations against officers concerned denying administrative grievances of the purported constitutional violations).

## VI. CONCLUSION

Plaintiff has failed to state any cognizable 42 U.S.C. § 1983 claim against Officers Sosa, Self, and Olivarria. Not only has Plaintiff failed to identify any constitutional or federal deprivation arising from the facts alleged, but he has also failed to demonstrate that Defendants Sosa, Self, and Olivarria played any affirmative part in any alleged constitutional or federal deprivation. Accordingly and because no additional facts would cure Plaintiff's claims as to these Defendants, the Court recommends that all the claims (*i.e.*, the ninth through eleventh causes of action) against Defendants Self, Sosa, and Olivarria, be **DISMISSED** with **prejudice.** *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (dismissal with prejudice appropriate when "absolutely clear" amendment would be futile); *see also Davis*, 2011 WL 4344251 at *7 (dismissing § 1983 claim with prejudice because defendants merely denied plaintiff's administrative grievances and had no personal involvement in the purported violations and therefore amendment would be futile).

This Report and Recommendation is submitted to the Honorable Cynthia A. Bashant, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1). Any party may file written objections with the Court and serve a copy on all parties on or before **October 27, 2017**. The document should be captioned "Objections to Report and Recommendation." Any reply to the Objections shall be served and filed on or before **November 10, 2017**. The parties are advised that failure to file objections within the

13

3:16-cv-02849-BAS (PCL)

specific time may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED**.

Dated: October 12, 2017

Hon. Peter C. Lewis
United States Magistrate Judge