**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM L. NIBLE, <br>        Plaintiff, <br>  v. <br> FINK, *et al.*, <br>        Defendants. | Case No. 16-cv-02849-BAS-PCL <br><br> **ORDER:** <br><br> **(1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF No. 20);** <br><br> **(2) ADOPTING REPORT AND RECOMMENDATION (ECF No. 15); AND** <br><br> **(3) GRANTING MOTION TO DISMISS (ECF No. 12)** |

**I. INTRODUCTION**

  This Court previously granted Defendants' Motion to Dismiss for failure to state a claim, but gave Plaintiff leave to amend. (ECF No. 9.) Plaintiff has now filed a First Amended Complaint ("FAC"). (ECF No. 10.) Defendants B. Self, V. Sosa, and R. Olivarria move to dismiss Counts 9 through 11 of the FAC (the only counts in which they are named). (ECF No. 12.)

1

The allegations against these three defendants state only that the defendants "refused or failed to process Plaintiff's grievance in accordance with California Code of Regulations." (FAC ¶¶ 34-36.) Relying on *Ramirez v. Galaza*, 334 F.3d 850 (9th Cir. 2003) and *Mann v. Adams*, 855 F.2d 639 (9th Cir. 1988), the Magistrate Judge's Report & Recommendation ("R&R") recommends that the Motion to Dismiss be granted because "inmates have no procedural due process right in the prison administrative grievance process." (ECF No. 15 at 9.) For the reasons discuss below, this Court agrees and adopts the R&R in its entirety.

## II. LEGAL STANDARD

### A. Motion to Dismiss

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

When a plaintiff appears *pro se*, the court must be careful to construe the pleadings liberally and to afford the plaintiff any benefit of the doubt. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). The rule of

liberal construction is "particularly important" in civil rights case. *Hendon v. Ramsey*, 528 F. Supp. 2d 1058, 1063 (S.D. Cal. 2007) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

When giving liberal construction to a pro se civil rights complaint, however, the court is not permitted to "supply essential elements of the claim [] that were not initially pled." *East v. CDC*, 694 F. Supp. 2d 1177, 1183 (S.D. Cal. 2010) (quoting *Ivey v. Bd. Of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id*. (quoting *Ivey*, 673 F.2d at 268).

### B. Report and Recommendation

The Court reviews *de novo* those portions of a magistrate judge's report and recommendation to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* "The statute [28 U.S.C. § 636(b)(1)(c)] makes it clear," however, "that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121.

Objections must be written and specific. *See, e.g.*, Fed. R. Civ. Pr. 72(b)(2) ("[A] party may serve and file specific written objections to the proposed findings and recommendations" of the magistrate judge). "Numerous courts have held that a general objection to the entirety of a Magistrate Judge's [report and recommendation] has the same effect as a failure to object." *Alcantara v. McEwen*, No. 12-cv-401-IEG, 2013 WL

4517861, at *1 (S.D. Cal. Aug. 15, 2013) (citing cases). In the absence of specific objection, the clear weight of authority indicates that the court need only satisfy itself that there is no "clear error" on the face of the record before adopting the magistrate judge's recommendation. *See, e.g.*, Fed. R. Civ. P. 72(b) Advisory Comm. Notes (1983) (citing *Campbell v. United States Dist. Court*, 501 F.3d 196, 206 (9th Cir. 1974)).

## II. ANALYSIS

Citing *Procunier v. Martinez*, 416 U.S. 396 (1974), Plaintiff's objections focus on his allegations that he was entitled to receive mail and to practice his religion freely.[1] In fact, his objections focus largely on Defendant Fink's actions in depriving him of his religious runes. This Motion to Dismiss has not been filed on behalf of Defendant Fink. Defendant Fink is still in the case.

Instead, this Motion to Dismiss focuses on the three defendants who, according to the FAC, were only involved in processing Plaintiff's grievance after he was allegedly deprived of his religious runes. As the R&R points out, "[t]here is no legitimate claim of entitlement to a grievance procedure." *Mann v. Adams*, 855 F.2d at 640. A district court may properly dismiss a claim of a constitutional violation made in connection with the handling of the inmate's grievance. *See McCoy v. Roe*, 509 Fed. Appx. 660, 660 (9th Cir. 2013) (citing *Ramirez v. Galaza*, 334 F.3d at 860).[2]

The fact that Plaintiff alleges First Amendment violations in his FAC is of no import because he alleges no facts that would support any action by Defendants Self, Soto, or

---

[1] The problem with this argument is that Plaintiff's allegations against the three defendants moving to dismiss do not directly implicate either his right to receive mail or practice his religion freely.

[2] *Procunier v. Martinez* was actually overruled by *Thornburgh v. Abbott*, 490 U.S. 401 (1989), which held that prison regulations affecting a prisoner's receipt of publications through the mail are valid if they are reasonably related to legitimate penological interests. *Id.*

4

Olivarria that deprived him of any First Amendment right. He only alleges that they improperly processed his grievance. Therefore, the Court adopts the R&R in its entirety and finds, even under a *de novo* review, the R&R is still plainly correct.

### III. CONCLUSION & ORDER

After conducting a *de novo* review of the R&R's reasoning, the Court concludes that Judge Lewis's reasoning is sound. Accordingly, the Court **OVERRULES** Petitioner's objections (ECF No. 20), **APPROVES AND ADOPTS** the R&R in its entirety (ECF No. 15), and **GRANTS DEFENDANTS' MOTION TO DISMISS** (ECF No. 12). Defendants Self, Soto, and Olivarria and Counts 9 through 11 are dismissed.

Because this is Plaintiff's second attempt to allege facts against Defendants Self, Soto, and Olivarria, and because it appears the only allegations against these defendants have to do with their processing of his grievance, the Court dismisses these Defendants and Counts **WITH PREJUDICE**. *See Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (finding that leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency").

**IT IS SO ORDERED.**

DATED: January 4, 2018

Hon. Cynthia Bashant
United States District Judge