UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM L. NIBLE,<br><br>    Plaintiff,<br><br>v.<br><br>FINK et al.,<br><br>    Defendants. | Case No.: 3:16-cv-02849-BAS-RBM<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: GRANTING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>[Doc. 62.] |

## I. INTRODUCTION

Defendant William G. Stratton ("Stratton") has filed a Motion to Dismiss the Second Amended Complaint filed by Plaintiff William L. Nible ("Plaintiff") on the grounds that it fails to state a claim upon which relief can be granted. (Doc. 62.) Plaintiff filed a document entitled "Plaintiff's Brief in Opposition to Defendant G. Stratton's Motion for Summary Judgment" (Doc. 69), which the Court has construed as an opposition (Doc. 70).

The matter was referred to the undersigned Judge for Report and Recommendation Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 72.1(c)(1)(d). After a thorough review of the pleadings, moving and opposition papers, this Court respectfully recommends the Motion be **GRANTED**.

## II. FACTUAL ALLEGATIONS[1]

Plaintiff alleges that on July 13, 2015, while incarcerated at Richard J. Donovan Correctional Facility in San Diego, California ("RJD"), he received a package containing a set of religious runes. (Doc. 46, at 4-5.) However, Defendant T. Fink ("Fink"), a prison guard at Central Release and Receiving (the mail distribution center at RJD) opened the package, inspected the contents, determined that the 25-piece rune set contained therein violated the prison's "religious property matrix," and refused to release the rune set to Plaintiff. (Doc. 46, at 5.) Fink's rationale for denying Plaintiff the rune set was that "they are made of stone," and Plaintiff was only allowed five stones per the prison's "religious property matrix." (*Id.*)

On September 27, 2015, Plaintiff submitted a CDCR-22 grievance form regarding Fink's confiscation of his rune set. (Doc. 46, at 6.) The grievance was rejected on November 5, 2015, and Stratton made the determination that the grievance "did not meet the requirement for assignment as a staff complaint[2]." (*Id*, at 7.)

Plaintiff alleges that on August 4, 2015, a family member filed a citizen's complaint with the California Department of Corrections and Rehabilitation and received a response from Stratton. (*Id.*) Stratton's response stated that the rune set was confiscated because rune symbols were "identified as being associated with a security threat group." (*Id,* at 7-8.) Stratton allegedly came to this conclusion after an interview with Fink, although Fink had initially stated that the rune set was confiscated due to size restrictions. (*Id.*, at 8.)

Plaintiff filed a Second Amended Complaint pursuant to 42 U.S.C. § 1983, claiming that Stratton violated his constitutional right to due process, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), the First Amendment, the Fourteenth

---

[1] In a Report and Recommendation submitted by the undersigned on April 8, 2019, the Court set forth detailed factual allegations contained in Plaintiff's Second Amended Complaint but did not assess Stratton's liability. (Doc. 71.) As such, the Court will only address Plaintiff's allegations against Stratton and Stratton's liability herein.

[2] Although the grievance was not classified as a "staff complaint," it was still allegedly processed as a grievance. (Doc. 46, at 7.)

2

Amendment Equal Protection Clause, and the Eighth Amendment prohibition against cruel and unusual punishment. (Doc. 46, at 11-12.)

### III. APPLICABLE STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F. 3d 729, 932 (9th Cir. 2001). A claim may only be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* Although a complaint need not contain detailed factual allegations, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.*, at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (alteration in original)). "In deciding such a motion, all material allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them." *Navarro*, 250 F.3d at 932 (9th Cir. 2001) (citing *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 338 (9th Cir. 1996)). However, a court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. Additionally, "to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court may not assume that "the [plaintiff] can

prove facts [he or she] has not alleged or that defendants have violated the ... laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,* 459 U.S. 519, 526 (1983).

## IV. DISCUSSION

### A. Plaintiff's Due Process Cause of Action

Stratton argues that the Second Amended Complaint fails to state a claim for a violation of due process because Plaintiff has neither a liberty interest nor a substantive right to the procedures involved, and therefore due process claims based on the denial of or interference with a prisoner's access to a prison grievance system are not cognizable. (Doc. 62, at 3.) Stratton also argues that the negligent or intentional deprivation of a prisoner's property by a state employee does not constitute a violation of the Due Process Clause if a meaningful post-deprivation remedy is available. (Doc. 62, at 7.)

Plaintiff responds that he is entitled to the grievance process established by California Code of Regulations, Title 15, sections 3084.0 through 3084.9, and that Stratton's alleged failure to comply with that process constitutes a violation of the Due Process Clause. (*See* Doc. 69, at 3-4.)

<u>1. Alleged improper handling of grievances</u>

As an initial matter, "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza,* 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams,* 855 F.2d 639, 640 (9th Cir. 1988). Additionally, inmates have no due process rights regarding the proper handling of grievances. *Wise v. Washington State Department of Corrections,* 244 Fed.Appx. 106, 108 (9th Cir. 2007). Furthermore, ruling against a prisoner on an administrative appeal does not cause or contribute to the underlying constitutional violation. (*See Riley v. Dunn,* No. 09-cv-8850-JFW (MLG), 2011 U.S. Dist. LEXIS 119570, at *18-19 (C.D. Cal. Oct. 14, 2011). Therefore, a prisoner's claim that a prison official denied a grievance, without more, is not sufficient to state a claim for a constitutional violation. *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir. 1993); *see Riley,* No. CV 09-8850-JFW (MLG), at *18-19. Plaintiff claims that Stratton's handling of his

4

3:16-cv-02849-BAS-RBM

grievance violates Title 15 of the California Code of Regulations. (Doc. 46, at 12.) The improper handling of grievances is not a cognizable due process claim. *Wise*, 244 Fed.Appx. at 108. Therefore, insofar as Plaintiff's due process claim is predicated on Stratton's alleged failure to comply with Title 15 of the California Code of Regulations or the denial of Plaintiff's appeal, Plaintiff fails to state a claim.

### 2. Alleged deprivation of Plaintiff's due process rights

The Due Process Clause of the Fourteenth Amendment protects prisoners' interests in their personal property. *Hansen v. May,* 502 F.2d 728, 720 (9th Cir. 1974). However, the Due Process Clause does not protect against all deprivations of property by the state; it only protects against deprivations "without due process of law." Const. Amend. XIV; *see also Baker v. McCollan*, 443 U.S. 137, 145 (1979). Where the state must act quickly out of necessity, or where providing pre-deprivation process may be impractical, a meaningful post-deprivation process satisfies the Due Process Clause. *Parratt v. Taylor,* 451 U.S. 527, 538-539 (1981) (overruled on other grounds by *Daniels v. Williams*, 474 U.S. 327 (1998)). Where a deprivation of property is caused by conduct pursuant to established state procedure, post-deprivation remedies do not satisfy due process. *See Logan v. Zimmerman Brush Co.,* 455 U.S. 422 (1982). On the other hand, an intentional but unauthorized, or negligent deprivation of property by a state employee "does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post[-]deprivation remedy is available. For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post[-]deprivation remedy." *Hudson v. Palmer,* 468 U.S. 517, 533 (1984).

California provides adequate post-deprivation remedies. *Barnett v. Centoni,* 31 F.3d 813, 816–17 (9th Cir. 1994) (per curiam) (finding that prisoner had failed to state a due process claim for deprivation of property because "California Law provides an adequate post-deprivation remedy for any property deprivations. *See* Cal. Gov't Code §§ 810–895.") *See also Teahan v. Wilhelm,* 481 F.Supp.2d 1115 (S.D. Cal. March 28, 2007). The fact that

the remedy available does not afford equivalent relief to that provided by 42 U.S.C. § 1983 does not render the remedy inadequate. *See Parratt,* 451 U.S. at 544. Procedural due process does not guarantee a successful outcome, only that a deprivation be accompanied by process. *See Donovan v. Ritchie,* 68 F.3d 14, 18 (1st Cir. 1995.)

Here, to the extent that Plaintiff's due process claim is based on Stratton's involvement in the deprivation of his rune set, the Second Amended Complaint fails to state a claim. Plaintiff alleges that Stratton was a prison administrator employed by the CDCR as an administrator of citizen complaints filed against staff at RJD. (Doc. 46, at 3.) Plaintiff alleges Stratton was charged with the task of processing citizens' complaints for the warden. (Doc. 46, at 3.) Plaintiff alleges that on November 5, 2015, Stratton determined Plaintiff's inmate appeal (log # RJD-15-02965) did not meet the requirement for assignment as a staff complaint. (Doc. 46, at 7.) Finally, Plaintiff alleges that when a family member filed a citizen's complaint with the CDCR on August 4, 2015, Stratton responded with "false statements" that Plaintiff's rune set was confiscated because it contained symbols associated with a security threat group. (Doc. 46, at 8.) Stratton allegedly came to this conclusion after an interview with defendant Fink, even though Fink allegedly never mentioned the security threat group association before that interview. (Doc. 46, at 8.)

Plaintiff fails to sufficiently allege that Stratton was involved in the deprivation of Plaintiff's rune set. Plaintiff claims Stratton only determined that Plaintiff's appeal did not meet the requirements for assignment as a staff complaint, and responded to a citizen's complaint filed by Plaintiff's family member. Even if Stratton made "false and misleading statements" to Plaintiff's family member, Plaintiff has failed to plausibly allege that the statement was "an affirmative act…that *cause[d]* the deprivation of which complaint is made" *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007).

Assuming *arguendo* that Stratton was involved in the alleged deprivation of Plaintiff's rune set, Plaintiff still fails to state a claim against him for a violation of his due process rights because the alleged deprivation was unauthorized, and California provides

adequate post-deprivation remedies. *See Hudson*, 468 U.S. at 533; *Barnett v. Centoni*, 31 F.3d 813 (9th Cir. 1997).

Plaintiff alleges that Defendants failed to comply with the California Department of Corrections and Rehabilitation personal property matrix, which allowed Plaintiff to have the rune set in question. (*See* Doc. 46, at 5.) The alleged failure to comply with the personal property matrix is an explicit violation of the procedures dealing with inmates' personal property. Thus, Plaintiff has alleged that the rune set was confiscated in violation of an established state procedure.

As to whether an adequate post-deprivation remedy is available, the Ninth Circuit held in *Barnett v. Centoni*, 31 F.3d 813 (9th Cir. 1997), that the state of California provides an adequate post-deprivation remedy for property deprivations, in the form of the California Government Claims Act. *See* Cal. Gov't. Code §§ 810, *et seq.*

The Second Amended Complaint alleges that the confiscation was unauthorized and intentional; further, an adequate post-deprivation remedy is available. As such, the Second Amended Complaint fails to state a claim for a violation of due process against Stratton. Accordingly, it is respectfully recommended that the Court **GRANT** Stratton's Motion to Dismiss as to Plaintiff's due process claim.

**B. The Remaining Causes of Action**

Stratton moves to dismiss Plaintiff's RLUIPA cause of action because a plaintiff may not maintain an RLUIPA action against an individual government official in his individual capacity, and because the Eleventh Amendment bars RLUIPA claims for monetary damages against state employees acting in their official capacities. (Doc. 62, at 4-5.) Stratton also moves to dismiss Plaintiff's First Amendment claim, because Stratton was not involved in the alleged constitutional deprivation and the allegations do not constitute a substantial burden on Plaintiff's religious practice. (Doc. 62, at 6.) Finally, Stratton moves to dismiss Plaintiff's Fourteenth Amendment Equal Protection cause of action because Plaintiff has failed to allege that Stratton acted with a discriminatory intent. (Doc. 62, at 6.)

Plaintiff submits no opposition to Stratton's Motion as to these claims. Instead, Plaintiff expressly consents to dismissal. (Doc. 69, at 5.) Plaintiff writes: "Argument Number II, in Defendant's Motion to Dismiss by G. Stratton [pertaining to the RLUIPA claim], Plaintiff Will Concede ... Argument Number III, in Defendant's Motion to Dismiss by G. Stratton [pertaining to the First Amendment claim], Plaintiff Will Concede ... Argument Number IV, in Defendant's Motion to Dismiss by G. Stratton [pertaining to the equal protection claim][3], Plaintiff Will Concede ... Argument Number V, in Defendant's Motion to Dismiss by G. Stratton [pertaining to the Eight Amendment claim], Plaintiff Will Concede." (Doc. 69, at 5.) Accordingly, it is respectfully recommended that the Court **GRANT** Stratton's Motion to Dismiss as to the RLUIPA, First Amendment, equal protection, and Eighth Amendment claims.

### C. Leave to Amend

As a general rule, courts freely grant leave to amend a complaint which has been dismissed. Fed. R. Civ. P. 15(a); *Schreiber Distrib. Co. v. Serv–Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). "Leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). It "should be granted 'if it appears at all possible that the plaintiff can correct the defect.'" *Id.* (quoting *Breier v. N. Cal. Bowling Proprietors' Ass'n*, 316 F.2d 787, 789-90 (9th Cir. 1963)). However, "the Ninth Circuit has recognized that plaintiffs do not enjoy unlimited opportunities to amend their complaints." *Stone v. Conrad Preby's*, 2013 WL 139939, at *2 (S.D. Cal. Jan.10, 2013) (citing *McHenry v. Renne*, 84 F.3d 1172, 1174 (9th Cir. 1996)). *See also Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) ("[A] district court should grant leave to amend ... unless it determines that the pleading could not possibly be cured by the allegation of other facts.").

---

[3] Stratton combines Fourteenth Amendment procedural due process and equal protection arguments in section "V" of his motion, but also makes due process arguments in section "I" of the motion. (*See* Doc. 62, at 6-10, 3-4.) Plaintiff concedes "Argument V," but also makes due process arguments in section "III" of his opposition. (*See* Doc. 69, at 3-4.) As such, Plaintiff has not conceded his Fourteenth Amendment due process claim, and the Court has analyzed it *supra*.

Here, Plaintiff has not requested leave to amend the Second Amended Complaint, and has expressly consented to the dismissal of the First Amendment, RLUIPA, Eighth Amendment, and equal protection causes of action. (Doc. 69, at 5; *see generally* Doc. 69.) Accordingly, as to those causes of action, it is respectfully recommended that leave to amend be **DENIED**.

As to the due process cause of action, allowing Plaintiff to amend his Second Amended Complaint would be futile. The crux of Plaintiff's claim is that prison guards at RJD violated established state procedures when they confiscated his rune set. (Doc. 46, at 8-12.) Plaintiff has specifically alleged that Stratton violated Title 15 of the California Code of Regulations. (*See* Doc. 46, at 5.) But, the unauthorized and intentional deprivation of property in violation of established state procedure is not a constitutional violation when adequate state post-deprivation remedies are available. And, California provides adequate post-deprivation remedies. *Hudson,* 468 U.S. at 533; *Barnett,* 31 F.3d at 816–17. Additional allegations will not change the state of the law. Therefore, leave to amend would be futile. Accordingly, it is respectfully recommended that as to the due process cause of action, leave to amend be **DENIED**.

## V. CONCLUSION

The Court submits this Report and Recommendation to United States District Judge Cynthia A. Bashant under 28 U.S.C. § 636(b)(1)(B) and Rule 72.1(c)(1)(d) of the Local Civil Rules of the United States District Court for the Southern District of California. For the reasons set forth above, **IT IS HEREBY RECOMMENDED** that the Court issue an Order approving and adopting this Report and Recommendation, and directing that Judgment be entered **GRANTING** Stratton's Motion to Dismiss **WITHOUT LEAVE TO AMEND**.

**IT IS ORDERED** that no later than **30 days after submission of the order**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation." **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court

and served on all parties no later than **30 days after filing of objections**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan,* 158 F.3d 445, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATE: May 23, 2019

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE