**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM L. NIBLE,<br><br>        Plaintiff,<br><br> v.<br><br>FINK, *et al.*,<br><br>        Defendants. | Case No. 16-cv-02849-BAS-RBM<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION; AND (2) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**[ECF Nos. 56, 71]** |

  Plaintiff William L. Nible, a California prisoner proceeding pro se and in forma pauperis, filed a lawsuit against several staff members of the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California. (ECF No. 46.) Defendants T. Fink and T. Diaz moved for summary judgment on all of Plaintiff's claims against them. (ECF No. 56.) Magistrate Judge Ruth Bermudez Montenegro issued a Report and Recommendation ("R&R") recommending that this Court grant the motion for summary judgment in its entirety. ("R&R," ECF No. 71.) Judge Montenegro ordered any objections to be filed within thirty days of the issuance of the R&R. (*Id.* at 23.) Plaintiff requested and received two extensions in which to file objections, and subsequently filed timely objections. ("Obj.," ECF No. 78.)

Having reviewed the briefing on the motion for summary judgment, Judge Montenegro's R&R, and Plaintiff's objections, the Court **ADOPTS** the R&R.

## I. BACKGROUND

Judge Montenegro's R&R contains a thorough and accurate recitation of the factual and procedural histories underlying the instant motion for summary judgment. (R&R at 1–6.) This Order incorporates by reference the background as set forth therein.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's report and recommendation. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980). In the absence of a timely objection, however, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

## III. ANALYSIS

The Court will review de novo those parts of the R&R to which Plaintiff objects and will review for clear error the parts of the R&R to which Plaintiff does not object.[1]

---

[1] Judge Montenegro analyzed the admissibility of various documents submitted by the parties. (R&R at 6–13.) Plaintiff does not specifically object to the findings that certain documents are inadmissible, only at times arguing that he "has a witness to present at trial who will testify to the contents" of the documents. (Obj. at 13, 15.)

The Court agrees that at the summary judgment stage, a nonmoving party need not produce evidence in a form that would be admissible at trial in order to avoid summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). This is particularly true since Plaintiff is appearing in pro per, and courts are cautioned to make reasonable allowances for pro per litigants and to read pro se papers liberally. *McCabe v. Arave*, 827 F.2d 634, 640 n.6 (9th Cir. 1987). However, ultimately, the statements and declarations submitted by Plaintiff do not change the outcome or the Court's conclusion.

A.  **Procedural Due Process Cause of Action**

Plaintiff alleges his due process rights were violated through Defendants' confiscation of the rune set. Judge Montenegro first found that Defendants misapplied prison regulations when they confiscated Plaintiff's rune set. (R&R at 15.) Therefore, the confiscation was in violation of established state procedure and was unauthorized. (*Id.*) The Court agrees and further adds that the rune set was returned to the vendor following Defendants' confiscation of the set, but the vendor would not accept the set because pieces were missing. (ECF No. 64, at 28.) There is no evidence this was the fault of Plaintiff, as Plaintiff was never permitted to be in possession of the set. The missing pieces likely were inadvertently lost through Defendants' actions. Thus, the failure of Defendants to ensure the rune set remained complete when the set was in their possession could be seen as a deprivation of Plaintiff's property.

However, even if Defendants intentionally or unintentionally deprived Plaintiff of his property, Judge Montenegro found that an adequate postdeprivation remedy for this violation is available to Plaintiff, through the California Government Claims Act. (R&R at 15.) "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). After the incident, Plaintiff submitted a claim to the California Victim Compensation and Government Claims Board. (*Id.* (citing ECF No. 64, at 52).) In his claim, Plaintiff alleged Defendant Fink refused to allow Plaintiff to keep his religious items and caused the items to be destroyed, sending only half of the set back to the vendor. (ECF No. 64, at 53.) The Board rejected Plaintiff's claim, (*id.* at 52), but the process provided a meaningful postdeprivation remedy for Plaintiff nonetheless. Judge Montenegro therefore found Defendants did not violate Plaintiff's due process rights and recommends the Court grant Defendants' motion for summary judgment for this claim.

Plaintiff objects, arguing that Judge Montenegro applied the wrong legal standard and "should have looked to the ruling" in *Procunier v. Martinez*, 416 U.S. 396 (1974). (Obj. at 6–7.) Plaintiff acknowledges that the *Procunier* holding was overturned in part by *Thornburgh v. Abbott*, 490 U.S. 401 (1989). *Thornburgh* held that the less deferential standard of *Martinez*—whereby prison regulations authorizing mail censorship must be "generally necessary" to protect a legitimate governmental interest—is limited to regulations concerning outgoing personal correspondence from prisoners. *Id.* at 407–13. But regulations regarding incoming mail are valid if they are reasonably related to penological interests. *Id.* This holding is not relevant here, as the Court is not analyzing whether the prison regulations regarding mail are reasonable. What is material is the postdeprivation remedy that exists for Plaintiff following the confiscation of his incoming mail. *See Hudson*, 468 U.S. at 533. Because Plaintiff had access to, and in fact used, an adequate postdeprivation remedy after the confiscation of the rune set, there was no violation of Plaintiff's due process rights. Defendants are entitled to summary judgment on this claim. The Court **ADOPTS** the R&R and **GRANTS** Defendants' motion for this claim.

### B. Equal Protection Cause of Action

Judge Montenegro found Plaintiff cannot demonstrate an equal protection violation because there is no evidence that Defendants confiscated the rune set with discriminatory intent, or that similarly situated people are being treated differently. (R&R at 16.) Plaintiff concedes to summary judgment for this claim. (Obj. at 14.) The Court therefore **ADOPTS** the R&R and **GRANTS** Defendants' motion for this claim.

### C. Free Exercise of Religion Cause of Action

Plaintiff brings a claim for violation of the free exercise clause of the First Amendment. Thus, Plaintiff must show the action "substantially burden[ed]" the practice of his religion. *Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015). "[A] substantial burden [on one's religion] must place more than an inconvenience on religious exercise'; it must have a 'tendency to coerce individuals into acting contrary to their religious beliefs'

4

or 'exert [ ] substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" *Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984, 1011 (9th Cir. 2013) (citation omitted).

Judge Montenegro found there is no evidence Plaintiff's practice of religion was substantially burdened by Defendants' actions. (R&R at 19.) Judge Montenegro reasoned that Plaintiff possessed runes before the incident and was successfully able to purchase another rune set after the incident. (*Id.*) Thus, she found Plaintiff's deprivation of this one particular rune set to be merely an inconvenience. (*Id.*) Plaintiff disagrees, arguing that because runes "are required for daily use as a mean [sic] of study and prayer" for Odinic practitioners, the loss of the runes prevented him from exercising his religious beliefs. (Obj. at 15.)

The Court agrees with Judge Montenegro. The Court understands that Plaintiff was inconvenienced and frustrated by this incident and by his inability to keep the rune set.[2] And although Plaintiff states he felt burdened by the loss of the runes, there is no evidence the incident was a substantial burden on him or his religion, i.e. that it had a tendency to coerce him to act contrary to his beliefs or modify his religious behavior. Instead, Plaintiff purchased another rune set afterward the incident. Further, as evidenced by an exhibit submitted by Plaintiff, the warden at RJD informed Plaintiff's family member Ms. Hickman that she could resend the runes to Plaintiff and Defendant Fink would have his supervisor Mr. Brown assess the runes. (ECF No. 64, at 36.) It is unclear if Ms. Hickman resent the runes, but the exhibit shows Defendants were willing to review the runes again and therefore the Court finds Defendants were not putting "substantial pressure" on Plaintiff to modify his religion or beliefs. *See Naoko Ohno*, 723 F.3d at 1011. Thus,

---

[2] The Court also agrees with Plaintiff that RJD's religious property matrix is confusing, as it allows inmates to possess runes (which can be made of stone) in a set "not to exceed 25 pieces" but also prohibits inmates from possessing stones in a set greater than five pieces. (Exhibit 1 to Fink Decl., ECF No. 56-2.) But this confusion does not create a constitutional violation.

Plaintiff is unable to demonstrate a free exercise clause violation and the Court **ADOPTS** the R&R and **GRANTS** Defendants' motion for this claim.

D.     **State Law Claim**

Plaintiff vaguely references "state tort law" as a cause of action, and Judge Montenegro construed the claim as a violation of California Code of Regulations, Title 15, based on Defendants' alleged failure to follow prison mail regulations. (R&R at 19.)

Judge Montenegro found there is no independent cause of action under 42 U.S.C. § 1983 for a violation of Title 15 regulations. (*Id.* at 20.) The Court agrees. But Plaintiff argues he did not file his state law claim under section 1983, but instead filed under 28 U.S.C. § 1367. (Obj. at 16.) Indeed, Plaintiff alleged in his complaint that his state law claim is before the Court under supplemental jurisdiction pursuant to section 1367. (*See* ECF No. 46, at ¶ 30.)[3] Thus Plaintiff alleges Defendants' actions violated Title 15 of the California Code of Regulations. (Obj. at 12.) Plaintiff is seeking $33.58, the cost of the runes, as a remedy for the state law violations. (ECF No. 64, at 11.)

However, "violations of Title 15 of the California Code of Regulations . . . do not create a private right of action." *King v. Los Angeles Cnty. Sheriff's Dept.*, 672 F. App'x 701, 702 (9th Cir. 2016). A plaintiff is not entitled to sue for damages based on a violation of the Regulations. *Davis v. Powell*, 901 F. Supp. 2d 1196, 1211 (S.D. Cal. 2012) (citation omitted). Because there is no right of action for Plaintiff's claim, Defendants are entitled to summary judgment. The Court **ADOPTS** the R&R and **GRANTS** Defendants' motion for Plaintiff's state law claim.

///
///
///

---

[3] In his opposition to the MSJ, Plaintiff vaguely references California Civil Code sections 3336, 627, 667, and 3294. (ECF No. 64, at 10.) But these statutes are not referenced in Plaintiff's complaint, thus, the Court does not analyze the allegations referenced for the first time in the opposition.

### E. Eighth Amendment and Religious Land Use and Institutionalized Persons Act ("RLUIPA") Claims

In his opposition to the motion for summary judgment and in his objections, Plaintiff "concedes to granting of summary judgment" on his Eighth Amendment and RLUIPA claims. (ECF No. 64, at 3–4; Obj. at 17.) Thus, the Court **ADOPTS** the R&R and **GRANTS** Defendants' motion for these claims.

### F. Qualified Immunity

Judge Montenegro found that because Defendants did not violate Plaintiff's constitutional rights, they are entitled to qualified immunity. (R&R at 23.) Plaintiff has conceded that the majority of his constitutional claims can be dismissed (i.e., his equal protection, Eighth Amendment, and RLUIPA claims). Thus the remaining issue is whether Defendants are entitled to qualified immunity for Plaintiff's due process and free exercise of religion claims. As noted herein, the Court finds no constitutional violations under these causes of action, thus, Defendants are entitled to qualified immunity. The Court **ADOPTS** the R&R and **GRANTS** Defendants' motion for these claims.

## IV. CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the R&R, (ECF No. 71) in its entirety and **GRANTS** Defendants Fink and Diaz's motion for summary judgment, (ECF No. 56). The Clerk shall not enter final judgment because Plaintiff still has claims pending against other Defendants.

**IT IS SO ORDERED.**

DATED: June 26, 2019

Hon. Cynthia Bashant
United States District Judge