# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM L. NIBLE,<br><br>                  Plaintiff,<br><br>   v.<br><br>FINK, *et al.*,<br><br>                  Defendants. | Case No. 16-cv-02849-BAS-RBM<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION; AND (2) GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**[ECF Nos. 62, 75]** |

     Plaintiff William L. Nible, a California prisoner proceeding pro se and in forma pauperis, filed a lawsuit against several staff members of the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California. After engaging in discovery, Plaintiff moved to amend his complaint because he learned the identity of a Doe Defendant, i.e., Defendant Stratton. (ECF No. 44.) The Court granted the motion and Plaintiff filed an amended complaint, naming, *inter alia*, Defendant Stratton.

     At this point, all other Defendants in the case have been dismissed and only the claims against Defendant Stratton remain. Defendant Stratton moves to dismiss the claims against him. (ECF No. 62.) Magistrate Judge Ruth Bermudez Montenegro issued a Report and Recommendation ("R&R") recommending that this Court grant the motion to dismiss

1

in its entirety. ("R&R," ECF No. 75.) Judge Montenegro ordered any objections to be filed within thirty days of the issuance of the R&R. (*Id.* at 23.) Plaintiff requested, and the Court granted, a 30-day extension in which to file objections. (ECF Nos. 80, 81.) Despite the extension, no objections have been filed.

Having reviewed the briefing on the motion to dismiss and Judge Montenegro's R&R, the Court **ADOPTS** the R&R.

## I. BACKGROUND

Judge Montenegro's R&R contains a thorough and accurate recitation of the factual and procedural histories underlying the instant motion. (R&R at 1–3.) This Order incorporates by reference the background as set forth therein.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's report and recommendation. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980). In the absence of a timely objection, however, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

## III. ANALYSIS

Plaintiff alleges Defendant Stratton mishandled Plaintiff's grievance and a citizen's complaint filed by Plaintiff's family member. (Second Amended Complaint, ECF No. 46, ¶¶ 7, 18, 21.) Plaintiff alleges by "fail[ing] to process Plaintiff's grievance" and in making false statements in response to the citizen's complaint, Stratton deprived Plaintiff of his Fourteenth Amendment due process rights, First Amendment right to petition for redress, equal protection rights, Eighth Amendment right to be free from cruel and unusual

punishment, and also violated the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). (*Id.* ¶¶ 31, 32.)

### A. Due Process Cause of Action

It is not entirely clear how Plaintiff alleges Stratton violated Plaintiff's due process rights. To the extent Plaintiff alleges Stratton violated Plaintiff's due process rights by mishandling a grievance, Judge Montenegro found that "[t]he improper handling of grievances is not a cognizable due process claim." (R&R at 5.) The Court agrees. *See Wise v. Wash. State Dep't of Corr.*, 244 F. App'x. 106, 108 (9th Cir. 2007) ("An inmate has no due process rights regarding the proper handling of grievances."). Further, to the extent Plaintiff alleges Stratton violated Plaintiff's rights through a deprivation of his property, Judge Montenegro found that because Plaintiff has adequate postdeprivation remedies, his rights were not violated. The Court analyzed this issue in its prior order as it relates to two other Defendants. (ECF No. 79, at 4.) The same result applies here. Because Plaintiff had access to, and in fact used, an adequate postdeprivation remedy after the confiscation of the rune set, there was no violation of Plaintiff's due process rights. Therefore, the Court **ADOPTS** the R&R and **GRANTS** Defendant's motion to dismiss this claim.

### B. Remaining Causes of Action

Plaintiff concedes that certain causes of action may be dismissed: his RLUIPA, First Amendment, equal protection, and Eighth Amendment claims. (R&R at 7–8 (citing ECF No. 69, at 4).) Therefore the Court **ADOPTS** the R&R and **GRANTS** Defendant's motion to dismiss these claims.

### C. Leave to Amend

Judge Montenegro recommends dismissing Plaintiff's claims with prejudice because allowing Plaintiff to amend his claims would be futile. (R&R at 9.) Judge Montenegro determined leave to amend would be futile because Plaintiff agrees to the dismissal of four of his claims and his remaining claim is barred by law. The Court agrees.

## IV. CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the R&R, (ECF No. 75) and **GRANTS** Defendant Stratton's motion to dismiss, (ECF No. 62). Because this concludes the litigation, the clerk is instructed to close the file.

**IT IS SO ORDERED.**

**DATED: July 30, 2019**

Hon. Cynthia Bashant
United States District Judge